# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00361-CV

## In re Paul Johnson, Appellant

## ORIGINAL PROCEEDING FROM WILLIAMSON COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Paul Johnson, a vexatious litigant subject to a prefiling order appearing pro se, filed this petition for writ of mandamus asking this Court to vacate a May 13, 2025 order issued by the local administrative judge denying him permission to file an appeal from an order dismissing a suit he filed against the Williamson County Tax Office in Williamson County District Court.[1]  We will deny the petition.

## BACKGROUND

On March 1, 2023, Johnson was declared a vexatious litigant by the Bastrop County District Court.  *See* Tex. Civ. Prac. & Rem. Code § 11.101(a) (court may enter order prohibiting person from filing, pro se, new litigation in court to which order applies without permission of appropriate local administrative judge).  This prefiling order applies to each court in the State, including the Williamson County District Court and this Court.  *See id.* § 11.101(e)

---

[1]  The appeal is docketed in this Court as Cause No. 03-25-00113-CV; *Johnson v. Williamson County Tax Office* and we will refer to the cause as "*Johnson v. WCTO*."

("A prefiling order entered under Subsection (a) by a district or statutory county court applies to each court in this state."). Just over a year later, on May 21, 2024, Johnson filed *Johnson v. WTCO* in Williamson County District Court without first seeking permission of the appropriate local administrative judge. *See id.* § 101.102(a) (vexatious litigant subject to prefiling order is prohibited from filing, pro se, new litigation in court to which order applies without seeking permission of appropriate local administrative judge). The clerk of the district court accepted the filing, and WTCO filed a plea to the jurisdiction and a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a (providing for dismissal of cause of action that has no basis in law or fact). The district court granted WTCO's plea to the jurisdiction and dismissed the case with prejudice. Johnson, appearing pro se, then filed a notice of appeal in this Court.

Texas Civil Practice and Remedies Code section 11.103 provides that "a clerk of a court may not file a litigation, original proceeding, *appeal*, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge [] permitting the filing." Tex. Civ. Prac. & Rem. Code 11.103(a) (emphasis added).[2] When Johnson filed his appeal from the district court's order dismissing *Johnson v. WTCO*, this Court issued an order directing Johnson to comply with section 11.102 by obtaining permission from the appropriate local administrative judge to file the appeal. Johnson then sought permission from the local administrative judge, who denied Johnson permission to proceed with the appeal. Johnson subsequently filed this petition for writ

---

[2] The statute includes an exception that permits a clerk of a court of appeals to file an appeal from a prefiling order entered under section 11.101 or a timely filed writ of mandamus challenging the administrative law judge's order denying a litigant permission to file a litigation. *See* Tex. Civ. Prac. & Rem. Code § 11.103(d). The section 11.103(d) exception does not apply to Johnson's appeal from the district court's order dismissing *Johnson v. WTCO*.

2

of mandamus challenging the local administrative judge's order. *See id*. § 11.103(d) (permitting clerk to file writ of mandamus challenging the administrative law judge's order denying litigant permission to file litigation).

## DISCUSSION

In his petition, Johnson first argues that he was not required to seek permission to file an appeal from the trial court's order in *Johnson v. WTCO* because it is not a "new litigation" as the Texas Supreme Court has defined the term in *Serafine v. Crump*, 691 S.W.3d 917 (Tex. 2024). In *Serafine*, the supreme court held that, for purposes of determining whether a pro se party has commenced or maintained at least five litigations in the past seven years that were finally determined against him, filing a notice of appeal does not constitute commencement of a new civil action. *Id.* at 920. Rather, the supreme court held, the appeal is a continuation of the same litigation commenced in the trial court that is now pending in a different court. *Id.* at 922. Relying on *Serafine*, Johnson reasons that his appeal in *Johnson v. WTCO* is not a "new litigation" for which he was required to obtain permission to file. The flaw in Johnson's argument, however, is that the entire *Johnson v. WTCO* proceeding at issue here, which originated in Williamson County District Court, is "new litigation" commenced after Johnson was declared a vexatious litigant subject to a prefiling order. Thus, the entire proceeding, including the attempted appeal, falls within the scope of section 11.103's prohibition against the clerk of a court, including the clerks of the Williamson County District Court and of this Court, filing a litigation, appeal, or other claim presented, pro se, by Johnson unless he obtained the required permission. *See* Tex. Civ. Prac. & Rem. Code 11.103(a) (clerk of court may not file litigation, original proceeding, *appeal*, or other claim presented, pro se, by vexatious litigant

3

subject to prefiling order unless litigant obtains order from appropriate local administrative judge permitting filing). The Williamson County District Clerk's erroneously permitting the filing of the original petition without an order permitting it does not affect the clerk of this Court's obligation not to file the appeal without Johnson's having obtained an order permitting it.

Johnson next argues that the local administrative judge abused her discretion by failing to recognize that *Johnson v. WTCO* was not a "new litigation" but, rather, a "defensive pleading." We disagree. Johnson filed a document titled "Plaintiff's Original Petition and Motion to Dismiss Under the Texas Citizens Participation Act." Johnson, as the plaintiff, initiated this suit against WTCO, the defendant, by filing an original petition. Johnson's assertion that a motion to dismiss under the Texas Citizens Participation Act is traditionally brought as a defensive pleading in a preexisting lawsuit has no effect on whether his original petition commencing litigation against WTCO is a "new litigation." It clearly is.

Finally, Johnson asserts that the local administrative judge abused her discretion by not filing findings of fact pursuant to Texas Rule of Civil Procedure 296. *See* Tex. R. Civ. P. 296 (in case tried in district court without jury, party may request court to state in writing its findings of fact). The local administrative judge's determination on Johnson's request for permission to proceed in his appeal in *Johnson v. WTCO* is not a "case tried in district court" within the scope of Rule 296. Johnson has provided no authority, nor are we aware of any, permitting a vexatious litigant to seek findings of fact under Rule 296 after a local administrative judge denies a request for permission to file a litigation.

## CONCLUSION

The petition for writ of mandamus is denied.

_____

Karin Crump, Justice

Before Justices Triana, Theofanis, and Crump

Filed:   May 30, 2025